

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2008

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3031

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Liu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1189.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1189

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3031

LOVIS LUANTO LIU,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A96-204-303)
Immigration Judge:  Honorable Charles M. Honeyman

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2008

Before: MCKEE, NYGAARD and ROTH, Circuit Judges

(Opinion filed: May 20, 2008)

OPINION

PER CURIAM

Lovis Luanto Liu, a native of Indonesia, entered the United States in March 2001.

In July 2003, Liu was charged as removable for overstaying his admission period.  Liu

conceded removability and applied for asylum, withholding of removal, and relief under

the Convention Against Torture. Liu argued that he would be persecuted in Indonesia based on his sexual orientation, his Christian religion, and his Chinese ethnicity. After a hearing, the IJ found the asylum application untimely, denied relief, and ordered Liu removed to Indonesia. The BIA dismissed the appeal. Liu then filed a timely petition for review.

We have jurisdiction to review constitutional claims and questions of law but not factual or discretionary determinations related to the timeliness of an asylum application. Sukwanputra v. Gonzales, 434 F.3d 627 (3d Cir. 2006). Liu does not address the timeliness of his application in his brief or raise any constitutional or legal issues.

To be eligible for withholding of removal, Liu must demonstrate that it is more likely than not that his life would be threatened in Indonesia on account of race, religion, nationality, membership in a particular social group, or political opinion. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding of removal under the Convention Against Torture, Liu must demonstrate that it is more likely than not that he would be tortured if removed to Indonesia. 8 C.F.R. 208.16(c)(2). We may reverse the BIA's decision only if the record permits but one reasonable conclusion which was not the one reached by the Board. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

In his asylum application, Liu stated that as a child he was robbed and verbally insulted based on his Chinese ancestry. At a predominantly Muslim junior high school, Liu felt like an outcast and had to pay extra tuition because of his Chinese ethnicity.

2

Because of his sexuality, he was verbally harassed by classmates at his predominantly Chinese Christian high school and threatened with expulsion. When he told his family he was gay, he was beaten by his father. He also stated that his neighbors yelled at him and graffiti was painted on his parents' home. His dog was poisoned, and a note was left referencing his sexual orientation. At his hearing, Liu testified that his neighbors beat him as well.

Because Liu had not mentioned being beaten by his neighbors in his asylum application, the IJ found that testimony not credible. Liu challenges that finding. However, having assumed Liu was credible, the BIA rejected Liu's argument that the mistreatment he suffered amounted to persecution. The BIA noted that Liu did not suffer any serious injuries and never sought any medical treatment or protection from the authorities as a result of the harassment.

We conclude that Liu has not shown that the record compels a finding that his life would be threatened or he would be tortured if removed to Indonesia so as to entitle him to withholding of removal or relief under the CAT. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 C.F.R. § 208.16(c)(2). Accordingly, we will deny the petition for review.